```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:02-CR-49 |
| ) | |
| WILLIAM A. BEITH, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court in accordance with the Seventh Circuit's opinion in *United States v. Beith*, 407 F.3d 881, 892 (7th Cir. 2005), in which the Seventh Circuit vacated Beith's sentence and remanded this case for re-sentencing consistent with that opinion and the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).  For the reasons set forth below, the Court **ORDERS** the following:  Beith's sentence is hereby reduced from a term of 180 months to 121 months.  It is the judgment of this Court, and this Court hereby **ORDERS** Beith to be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 121 months on Count 1, for violation of 18 U.S.C. section 2423(b).  Upon release from imprisonment, Defendant is placed on supervised release for a term of three years.  If Defendant has not already paid his special assessment of $100, said special assessment is due immediately.  Defendant is

**ORDERED** to pay the remaining balance of his restitution (if any), to the United States District Court Clerk to the following persons in the following amount:  the office of Family and Children, Lake Co. IN, 839 Broadway, Gary, IN; $19,340.  No fine is imposed.  Additionally, at the end of this opinion, the Court sets forth special conditions that Beith must abide by.  Defendant is hereby remanded to the custody of the USM for imposition of the sentence.

BACKGROUND

This Court assumes the reader's familiarity with the general facts of this case, as set forth by the Seventh Circuit in *United States v. Beith*, 407 F.3d 881, 884-85 (7th Cir. 2005).  A federal grand jury returned a 2-count indictment charging Defendant, William A. Beith, with aggravated sexual abuse in violation of 18 U.S.C. sections 2241(c) and 2246.  Subsequently, on or about June 21, 2002, the United States Attorney's Office for the Northern District of Indiana returned a one count information against Beith, charging him with transporting a child under the age of 18 across state lines with the intent to engage in prohibited sexual contact in violation of 18 U.S.C. section 2423(b).  On July 1, 2002, in consideration for the Government's motion to dismiss the charges of aggravated sexual abuse, Beith pled guilty to the charges under 18 U.S.C. section 2423(b) and admitted to knowing that G.M., the victim, was 11 years old, kissing and fondling her on several occasions, attempting to have sexual

-2-

intercourse with her at a retreat, driving her from Indiana to Nevada, and engaging her in sexual intercourse throughout their travels. According to the Presentence Investigation Report (PSR), Beith and G.M. had sexual intercourse on this trip in Michigan, Tennessee, Arkansas, Texas, and Nevada. (PSR ¶¶ 25-28.) At the time, section 2423(b) provided for a maximum sentence of 180 months.[1]

A PSR was prepared using the 2001 edition of the United States Sentencing Guidelines, recommending that the district court apply a base offense level of 27 for the violation of 18 U.S.C. section 2423(b) pursuant to U.S.S.G. section 2A3.1 (by way of the criminal sexual assault cross reference, U.S.S.G. section 2A3.2(c)(1), triggered when the victim is under the age of 12). It also recommended a 4-level enhancement pursuant to section 4A3.1(b)(2)(A), applicable where the victim had not attained the age of twelve years; a 2-level enhancement pursuant to U.S.S.G. section 2A3.1(b)(3), applicable where the victim was in the custody, care, or supervisory control of the defendant; a 4-level enhancement pursuant to U.S.S.G. section 2A3.1(b)(5), applicable where the victim was abducted; and a 2-level enhancement pursuant to U.S.S.G. section 3A1.1(b)(1), applicable where the victim was unusually vulnerable. In total, the PSR recommended a total offense level of 39.

On the day of the sentencing hearing, Beith withdrew all his

---

[1]Section 2423(b) has subsequently been amended, and now provides for a maximum penalty of 30 years.

objections to the PSR, with the exception of those asserting double counting in the application of U.S.S.G. section 2A3.1 to his offense conduct; the application of the abduction enhancement; and the application of the vulnerable victim enhancement.  Beith did not object to the factual statements in the PSR, which this Court adopted.

On May 28, 2003, Beith was sentenced.  This Court rejected each of Beith's outstanding objections.  The Court found that the section 2A3.1(b)(5) abduction enhancement should be applied to Beith's guideline calculation.  Additionally, this Court found that the section 3A1.1(b)(1) vulnerable victim enhancement applied because Beith had pursued the illegal relationship with G.M. after being told that her father had subjected her to sexual misconduct.  This Court then granted Beith a 3-point reduction for his acceptance of responsibility, therefore, the total offense level was 36.  Because Beith's criminal history was a category I, the Guidelines provided a sentencing range of 188 to 235 months imprisonment.  However, at the time, the applicable statutory maximum sentence for his crime of conviction was 180 months; therefore, this Court sentenced Beith to the statutory maximum term of 180 months.  On appeal, Beith contested all of the enhancements except the 2-point enhancement for having supervisory control over the victim.

The Seventh Circuit rejected two of the enhancements.  That Court ruled that the vulnerable victim enhancement and the abduction enhancement were not appropriate.

DISCUSSION

<u>Abduction Enhancement</u>

The Seventh Circuit determined that the abduction enhancement was not appropriate because Beith's "overtures, while undeniably vile, were cloaked in neither deceit nor trickery." *Beith*, 407 F.3d at 893. In its re-sentencing memoranda submitted to this Court, the Government does not argue that the abduction enhancement is proper.  This Court construes the Government's lack of argument on this point as a concession that the abduction enhancement was not appropriate.  The Court therefore rules that the 4-level enhancement pursuant to U.S.S.G. section 2A3.1(b)(5), applicable where the victim is abducted, should be removed from the Guideline calculations.

<u>Vulnerable Victim Enhancement</u>

The Seventh Circuit vacated Beith's sentence and remanded the case "for a determination of whether the record supports a finding that G.M. was in fact vulnerable." *Beith*, 407 F.3d at 892.[2]  At the request of this Court, the parties briefed several issues including whether the record should be re-opened in this case and whether any evidence or witness impact statements could be introduced at a re-

---

[2]The Seventh Circuit also cautioned that, when this Court imposed its new sentence on remand, it must do so in accord with *Booker*.  *Beith*, 407 F.3d at 894. It should be noted that the Government chose not to present any testimony by G.M. at the initial sentencing hearing.  Thus, the Court did not have the benefit of G.M.'s testimony in rendering its opinion.

-5-

sentencing hearing.  On December 20, 2005, this Court issued an order finding that, because the Government is not allowed to introduce any new evidence at a re-sentencing, *see United States v. Nobel*, 367 F.3d 681, 682 (7th Cir. 2004), any statement by the victim at a re-sentencing hearing would constitute new evidence that the Court is not allowed to consider.  Thus, this Court held that no new evidence would be considered, and it vacated the previously set re-sentencing hearing, stating that a written decision would be forthcoming.

This Court now turns its attention to the record to determine, in accordance with the instructions from the Seventh Circuit, whether sufficient evidence exists to substantiate the allegations of molestation.  The Government has taken the position that the vulnerable victim enhancement applies, and that there is adequate support in the record for reaching this conclusion.

The Government has pointed to some evidence in the record to support the application of the vulnerable victim enhancement.  First, Suzanne Waddell, one of G.M.'s teachers, testified in front of the grand jury that G.M. told her G.M.'s father was peeping at G.M., that her father gets drunk a lot, and that she felt uncomfortable around him.  (Def.'s Ex. D to March 28, 2003 sentencing memorandum, Beith #1147.)  Beith told Waddell that he was counseling G.M. about family problems.  (*Id.*, #1147-48, 1150.)  G.M.'s mother testified in front of the grand jury that when she found out about G.M.'s allegations, she confronted her husband about it, and:

-6-

> we came to the conclusion what happened was my
> husband had been - - had had beers - - had been
> drinking.  [G.M.] went to wake him up.  And he -
> - she says that he touched her on her chest.  He
> was not aware that he did.  And she told him that
> she believes that it was because he was drinking
> the beer, and he didn't recollect anything that
> was going on.

(Def.'s Ex. E to March 28, 2003 sentencing memorandum, Beith #1134.) Her mother stated that to her knowledge, G.M. did not recant these allegations.  (*Id.*, #1134-35.)  However, Henry Waddell, Suzanne Waddell's husband, testified that after his wife told him that G.M.'s father molested her, G.M. later recanted in the presence of G.M.'s parents.  (Def.'s Ex. F to March 28, 2003 sentencing memorandum, Beith #1178-79.)  During the first sentencing proceeding, Beith's counsel admitted that "the facts in this record are that the victim at some point in time told Mr. Beith that her father had been 'peeping' was the word, peeping at her, that he got drunk often, and she felt uncomfortable in his home."  (Mar. 16, 2003 Sent. Tr., p. 49.)[3]

---

[3]These facts were summarized in the PSR (of which this Court adopted the findings) as follows:

> [S]ometime in late February, early March, G.M.
> confided to Defendant that her father had
> inappropriately touched her breast and her bottom
> when he was drunk.  Initially, Mr. Beith directed
> G.M. to tell her mother.  In reality, G.M. did not
> inform her mother.  Approximately a month later,
> in a meeting with G.M.'s mother regarding
> tutoring, Beith brought up the topic of G.M.'s
> father touching her.  At that time, she was
> shocked to learn of the allegation and she
> immediately confronted her husband.  G.M.'s mother
> indicates that she believes her daughter's
> accusation but thinks her husband's conduct was a

-7-

Finally, the Court viewed a video tape, made by Beith, in which G.M. refers to her father in derogatory terms and curse words.  (*Id.*, p. 54.)

The Seventh Circuit acknowledged that during the first sentencing hearing, Beith stipulated that he was "made aware of [G.M.'s] allegations regarding prior molestation."  (*Id.*, at 5.)  However, Beith maintained that G.M. recanted those allegations.  Although the Seventh Circuit recognized that "[v]ictims of molestation and sexual assault certainly qualify as vulnerable victims," it found that "the district court did not find that G.M. was in fact a victim of molestation or that she had severe emotional problems."[4]  *Beith*, 407 F.3d at 891-92.  The Seventh Circuit further noted that "[t]he [district] court seems to imply that a child who alleges molestation, whether verified or not is vulnerable. We cannot agree."  *Id.* at 892.  Thus the Seventh Circuit found that the allegations of molestation, standing alone, were insufficient to establish vulnerability.  The Seventh Circuit commented that "[a] finding of family problems" is not sufficient to support the enhancement, and that "[w]ithout a finding from the lower court that sufficient evidence exists to substantiate

---

> result of his drinking problem, and not that he touched her for his own gratification.

(PSR, ¶ 14.)

[4] The Seventh Circuit found that because Beith's sentence had already been enhanced based on G.M.'s age, this Court properly segregated that factor from its discussion concerning vulnerability.  *Beith*, 407 F.3d at 891.

the allegations of molestation, or that G.M. was suffering from severe emotional problems," the enhancement was inappropriate. *Id.* at 892.

Section 3A1.1(b)(1) of the Sentencing Guidelines provides for a 2-level enhancement "if the defendant knew or should have known a victim of the offense was a vulnerable victim." The commentary to the Guidelines defines a "vulnerable victim" as a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct" committed by a defendant. U.S.S.G. § 3A1.1(b)(1) appl'n n. 2. The Seventh Circuit has noted that:

> "vulnerability" is the sort of fact which the trial court is peculiarly well positioned to gauge because the trial judge is in the best position to use his observations of the demeanor of the criminal defendant and/or witnesses as well as having an opportunity to review and analyze each of the documents and exhibits and hear the testimony while observing the mental, physical, and emotional states of the victims in order to assist him with assessing the damages inflicted upon them.

*United States v. Rumsavich*, 313 F.3d 407, 410 (7th Cir. 2002) (citation and quotation omitted). The purpose of the vulnerable victim enhancement is "to punish more severely those who target the helpless." *United States v. Newsom*, 402 F.3d 780, 785 (7th Cir. 2005).

This Court would have liked to have given the 2-point vulnerable victim enhancement. However, based upon the limited record placed before this Court by the Government, it cannot find that there is

-9-

sufficient evidence to substantiate the allegations of molestation. The Government simply has not given this Court enough evidence for this Court to conclude whether G.M.'s allegations are true. Moreover, the fact that G.M. made such allegations at one point in time (putting aside the question of whether G.M. ever recanted the allegations), cannot, by itself, render G.M. an unusually vulnerable victim who was uniquely susceptible to Beith's abuse. As the Seventh Circuit has found, "[a] finding of family problems . . . is not sufficient to support this enhancement." *Beith*, 407 F.3d at 892.

Even assuming, *arguendo*, that G.M.'s allegations are true, the Court does not have enough information to determine the extent of the "peeping," or the egregiousness or frequency of the alleged touching, and it cannot gauge whether the touching rises to the magnitude required by the case law to render G.M. a vulnerable victim. *See, e.g., United States v. Romero*, 189 F.3d 576 (7th Cir. 1999) (vulnerable victim enhancement was proper upon specific finding that victim was seeing a psychiatrist for Attention Deficit Disorder (ADD), had emotional problems, and was adopted); *United States v. Snyder*, 189 F.3d 640 (7th Cir. 1999) (enhancement proper under section 3A1.1 based upon specific finding that defendant knew that victim had been raped when he was eight years old and he was being abused and was having sex with the person who brought the victim to Defendant). Finally, G.M.'s distaste for her father, as evidenced in the video tape, does not, by itself show that she was suffering from severe emotional problems.

-10-

As such, this Court finds that the record provides insufficient evidence to determine, by the preponderance of evidence, that G.M. was unusually vulnerable.  The Court therefore rules that the 2-level enhancement pursuant to U.S.S.G. section 3A1.1(b)(1), applicable where the victim is vulnerable, should be removed from the Guideline calculations.

Beith's sentence therefore falls under offense level 30 under the Guidelines (originally, the Court found level 36, minus the 4-level abduction enhancement and the 2-level vulnerable victim enhancement).  Coupled with Beith's criminal history category I, the Guidelines provide that Beith's sentence should be in the range of 97-121 months.

Imposition of a Sentence

The Seventh Circuit cautioned that if this Court again contemplates exercising its discretion to increase Beith's sentence, "it must first concentrate its attention on the universe of sentencing factors and policy concerns memorialized by Justice Breyer's remedial opinion (*Booker*, 125 S. Ct. at 764-766) and 18 U.S.C. § 3553(a)." *Beith*, 407 F.3d at 892.

Section 3553(a) provides that, in determining the particular sentence to be imposed, the Court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing

range for the category of offense committed; (5) any pertinent policy statements of the sentencing Guidelines; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims.  18 U.S.C. § 3553(a).  *Booker* found that the Act makes the Guidelines effectively advisory, requiring a court to consider Guideline ranges, *see* section 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, *see* section 3553(a).  *Booker*, 125 S. Ct. at 764-65.  Even without the "mandatory" provision,

> the Act nonetheless requires judges to consider the Guidelines 'sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant,' § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7).  And the Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care.  § 3553(a)(2).

*Booker*, 125 S. Ct. at 764-65.

First, this Court believes that the offense committed by Beith was a very serious crime.  *See* 18 U.S.C. § 2423(b); *see also United States v. Butler*, 92 F.3d 960, 963-64 (9th Cir. 1996) (holding that violation of 18 U.S.C. § 2423(b), attempted interstate travel with the intent to engage in sex with a minor, is a violent crime).  Beith, G.M.'s principal, gained and abused the trust of an 11-year old girl,

groomed and nurtured an illicit relationship, repeatedly engaged G.M. in unprotected sexual intercourse, drove her from Indiana to Nevada, and engaged in sexual intercourse in multiple states throughout their travels.  Beith was aware of G.M.'s young age and, as her principal, abused his authority and position of trust.  Although section 2423(b) only requires travel with the intent to engage in illicit sexual conduct, in this case, the illicit sexual conduct was committed repeatedly — on multiple occasions, in Michigan, Tennessee, Arkansas, Texas, and Nevada, continuing while Beith was trying to elude the authorities.  This Court views children as this nation's most precious resource, and believes that a lengthy sentence is necessary to account for the gravity of the offense Beith committed.  Further, the Court believes Congress has expressed a similar concern with regard to the severity of the offense.  Section 2423(b) was amended subsequent to Beith's sentence to provide for a 30-year maximum sentence (replacing the previous 15-year maximum).  The Seventh Circuit has held that a subsequent amendment to the Guidelines is an appropriate guide for a departure in sentencing a defendant under an earlier version of the Guidelines.  *See United States v. Rainone*, 32 F.3d 1203, 1208 (7th Cir. 1994).  Analogously, the Court believes that the subsequent enhancement of the maximum penalty available under section 2423 indicates Congress' acknowledgment of the seriousness of the crime, and the appropriately available stiff penalties.

   Beith had no prior convictions, thus he has a Guideline criminal

history category of I.  The PSR indicates that the forensic report prepared by the Bureau of Prisons and Dr. Christina A. Pietz, diagnoses Beith with provisional pedophilia.  (PSR, ¶ 70.)  Although Beith adamantly denied being sexually attracted to children, the report goes on to state that in the writer's opinion, "he provisionally meets the criteria for pedophilia, however, should Mr. Beith admit he is sexually attracted to children or if additional evidence surfaces representing a pattern of sexual contact with children, he would fully meet the criteria for this diagnosis."  *Id.*

In analyzing the need for the sentence imposed and the kinds of sentences available (*see* section 3553(a)(2-4)), this Court recognizes that Beith's sentence should reflect the seriousness of his offense, protect the public from future crimes that could be committed by Beith, and provide Beith with needed education and a correctional environment to prevent Beith from committing similar crimes again.

In looking at the sentencing range provided by the Guidelines for this offense, (97-121 months), this Court believes they are not severe enough.  However, the Seventh Circuit's opinion has addressed the applicability of several enhancements, and has set forth certain parameters regarding the same.  This Court will abide by the Seventh Circuit's opinion.  Therefore, although the Court believes the Guidelines are not strict enough, they are not sufficiently disproportionate to justify an upward departure.  Taking into account all of the circumstances of this case, including the Seventh Circuit's

-14-

opinion, this Court believes that the highest sentence allocated in the applicable Guideline range, 121 months, is reasonable and fair based upon the reprehensible nature of Beith's actions. The Court is unaware of any of the factors in section 3553(a)(5)-(7) that might warrant a sentence different from the Guidelines sentence, and the Court sees no evidence of such factors in this case. Further, the Court believes this sentence is comparable to others in the Seventh Circuit for violation of section 2423(b). *See, e.g., United States v. Kieffer*, 68 F. App'x 726, 727 (7th Cir. 2003) (affirming district court judgment sentencing defendant to three concurrent terms of 132 months incarceration for conviction by a jury of three counts in violation of section 2423(b)).

In sum, given the seriousness of the crime committed by Beith and what would be a fair sentence, the important goal of deterring Beith and others from committing future crimes, an adequate sentence for rehabilitation, and a sufficient sentence for the Court to fulfill it's duty to society, this Court believes the maximum sentence of the applicable Guideline as set forth in this order is both reasonable and fair.

CONCLUSION

Beith's sentence is hereby reduced from a term of 180 months to 121 months. It is the judgment of this Court, and this Court hereby **ORDERS** Beith to be committed to the custody of the Bureau of Prisons

to be imprisoned for a term of 121 months on Count 1, for violation of 18 U.S.C. § 2423(b). Upon release from imprisonment, Defendant is placed on supervised release for a term of 3 years. If Defendant has not already paid his special assessment of $100, said special assessment is due immediately. Defendant is **ORDERED** to pay the remaining balance of his restitution (if any), to the United States District Court Clerk to the following persons in the following amount: the office of Family and Children, Lake Co. IN, 839 Broadway, Gary, IN; $19,340. No fine is imposed. Additionally, the Court **ORDERS** the following special circumstances to be imposed in this sentence:

- Upon release from imprisonment, Defendant shall be placed on supervised release for a term of three years. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.

- While on supervised release, Defendant shall not commit another federal, state, or local crime, shall comply with the 15 standard conditions that have been adopted by this Court, and shall comply with the following additional conditions.

- Defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and two periodic tests thereafter.

- Defendant shall not illegally possess a controlled substance.

In addition, Defendant shall comply with the following special conditions:

- Defendant shall report the address where he will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vacation, or is a student.

- Defendant shall not have any contact with children 18 years old or younger.

- Defendant shall participate in a mental health and/or sexual offender treatment program which may include, but is not limited to, psychotherapy, medications, polygraph, and plethysmograph examinations.  Treatment may also include urine testing at the direction and discretion of the probation officer under a co-payment plan.

- As part of the co-payment program, Defendant shall be held responsible for 3% per $100 of his net wages as determined by the probation office.

- If Defendant is unemployed or receiving public assistance, Defendant will be held responsible for a co-payment of $10 per month.  Payments are to be made on a per visit basis.

- Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

- Defendant shall provide the probation officer with access to any requested financial information.

- Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the installment payment schedule.

It is **FURTHER ORDERED** that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

It is **FURTHER ORDERED** that Defendant shall pay restitution in the amount of $19,340 to the United States District Court Clerk, 5400 Federal Plaza, Hammond, Indiana, 46320, for disbursement to The Office of Family and Children, Lake County, Indiana Division, 839 Broadway, Gary, Indiana 46402.  The restitution shall be paid in full immediately.

Defendant shall notify the United States Attorney's Office for

this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of Defendant's release from imprisonment shall become a condition of supervision.  Defendant shall pay toward the restitution at a rate of $10 per month.

The Guideline range for the applicable fine is $15,000 - $150,000.  The Court is imposing no fine in this case because the Defendant's lack of assets and poor employment history make it unlikely that he will be able to pay a fine.

Defendant is hereby **REMANDED** to the custody of the United States Marshal for imposition of the sentence.


**DATED:  February 2, 2006**               /s/RUDY LOZANO, Judge
                                           **United States District Court**